IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ESTELLE Y. SMITH                                             PLAINTIFF

v.                    CIVIL NO. 16-2183

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Estelle Y. Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for SSI on July 3, 2014, alleging an inability to work due to back problems, bipolar disorder, extreme manic depression, anxiety, debilitating headaches, an under active thyroid, and dormant tuberculosis. (Tr. 108, 199). An administrative hearing was held on April 27, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 77-106).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated July 13, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 63). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease, hyperlipidemia, hypothyroid disorder, obesity, anxiety, depression, bipolar disorder, dysthymic disorder, and headaches. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 63). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except with occasional climbing, crawling, kneeling, balancing, stooping and crouching. Claimant can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed; can respond to supervision that is simple, direct and complete.

(Tr. 66). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler and an escort driver. (Tr. 72).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing additional evidence submitted by Plaintiff, denied that request on June 27, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 10). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the RFC is not consistent with the record; and 2) Plaintiff cannot perform the jobs identified at Step Five.

#### A. Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is

that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The ALJ noted that during the time period in question, Plaintiff reported that she was able to drive unfamiliar routes, shop independently, handle personal finances, and perform activities of daily living with some breaks due to her pain. In October of 2014, Plaintiff completed a Function Report indicating that she was able to take care of her personal needs, noting that her boyfriend sometimes helped with putting on her pants and washing her back; to prepare simple meals; to do light household chores; to drive; to shop; to watch television; to make jewelry and paint when she had the supplies; and to talk on the telephone daily and visit with her neighbor twice a week. In November of 2014, Plaintiff reported that she enjoyed making jewelry and painting bird houses. During the time period in question, Plaintiff also reported that she was living with her sister and was helping to take care of her brother-in-law. While Plaintiff reported that she no longer had cattle on the farm, the evidence submitted by Plaintiff dated after the relevant time period revealed that Plaintiff had goats and that working with them helped her low mood. (Tr. 45).

With respect to Plaintiff's alleged physical impairments, the record revealed that Plaintiff was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Plaintiff argues that the ALJ failed to properly account for Plaintiff's extreme migraine headaches. It is noteworthy, that Plaintiff reported in July of 2015, that medication

helped relieve her headaches when she was able to take the medication. (Tr. 655). <u>Davidson v. Astrue</u>, 578 F.3d 838, 846 (8th Cir. 2009) (impairments that are controllable or amenable to treatment do not support a finding of disability).

With respect to Plaintiff's back impairment and pain, a review of the record revealed that Plaintiff underwent physical therapy and epidural steroid injections during the relevant time period. While Plaintiff complained of pain, she also reported that therapy and medication helped to relieve some of her pain. On July 16, 2015, Dr. Duane Birky noted that Plaintiff ambulated normally; that she had normal muscle strength and tone; and that her sensory testing was intact. Thus, while Plaintiff may indeed experience some degree of pain due to her back impairment, the Court finds substantial evidence of record supporting the ALJ's finding that Plaintiff does not have a disabling back impairment. <u>See</u> <u>Lawrence v. Chater</u>, 107 F.3d 674, 676 (8th Cir. 1997) (upholding ALJ's determination that claimant was not disabled even though she had in fact sustained a back injury and suffered some degree of pain)

With respect to Plaintiff's mental functioning, a review of the record revealed that Plaintiff underwent counseling at Western Arkansas Counseling and Guidance Center during the relevant time period. Plaintiff reported numerous stressors in her life, but also reported that her medication helped even though she continued to struggle with an irritable mood. After reviewing the record as a whole, the Court finds substantial evidence supports the ALJ's determination that Plaintiff had mild restrictions of activities of daily living; moderate difficulties in social functioning; moderate difficulties with concentration, persistence and pace; and no episodes of decompensation for an extended duration. The Court finds substantial evidence supports the ALJ's determination that Plaintiff's mental impairments are severe but not disabling.

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes throughout the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.     ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

7

353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of treating, examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff argues that the ALJ improperly discounted Ms. Tara Clifford MS, LPC's, January 8, 2015, Mental Medical Source Statement, opining that Plaintiff had marked limitations in two areas of functioning. After review, the Court finds that the ALJ did not err in giving the opinion of Ms. Clifford some, but not full weight. The ALJ declined to give controlling weight to Ms. Clifford's opinion for good and well-supported reasons. See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion."). The ALJ also took Plaintiff's obesity into account when determining Plaintiff's RFC. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a small products assembler and an escort driver. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.	Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 31st day of August 2017.

/s/  *Erin L. Wiedemann*
　　HON. ERIN L. WIEDEMANN
　　UNITED STATES MAGISTRATE JUDGE